UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MARITZA VALDES,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

Case No. 1:08-cv-872

Honorable Paul L. Maloney

**REPORT AND RECOMMENDATION**

      This is a social security action brought under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB) and supplemental security income (SSI) benefits. Plaintiff filed her applications for benefits on February 18, 2004, alleging a November 3, 2003 onset of disability.[1] (A.R. 49-51). Plaintiff's claims were denied on initial review. (A.R. 19-24). On April 12, 2007, she received a hearing before an administrative law judge (ALJ), at which she was represented by counsel. (A.R. 321-52). On June 18, 2007, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 10-18). On July 18, 2008, the Appeals Council denied review (A.R. 3-4A), and the ALJ's decision became the Commissioner's final decision.

---

[1] Administrative *res judicata* stemming from the denial of plaintiff's earlier applications for DIB and SSI benefits barred any claim of an onset of disability on or before November 1, 2003. (A.R. 10). Further, SSI benefits are not awarded retroactively for months prior to the application for benefits. 20 C.F.R. § 416.335; *see Kelley v. Commissioner*, 566 F.3d 347, 349 n. 5 (3d Cir. 2009); *see also Newsom v. Social Security Admin.*, 100 F. App'x 502, 504 (6th Cir. 2004). The earliest month in which SSI benefits are payable is the month after the application for SSI benefits is filed. Thus, March 2004 is plaintiff's earliest possible entitlement to SSI benefits.

On September 17, 2008, plaintiff filed her complaint seeking judicial review of the Commissioner's decision denying her claims for DIB and SSI benefits. The three issues raised by plaintiff are as follows:

1. Whether the ALJ failed to give appropriate weight to the opinions of plaintiff's treating psychiatrist;

2. Whether the Commissioner carried his burden at Step 5 of the sequential analysis; and

3. "Whether a finding of disability with award of benefits is warranted on the entire administrative record as a whole[.]"

(Statement of Errors, Plf. Brief at 5, docket # 9). Upon review, I find that plaintiff's arguments do not provide a basis for disturbing the Commissioner's decision. I recommend that the Commissioner's decision be affirmed. I further recommend that plaintiff's alternative request for remand of this matter to the Commissioner under sentence six of 42 U.S.C. § 405(g) (Plf. Brief at 15) be denied because she has not carried her statutory burden.

**Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the

evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

## Discussion

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from her alleged onset of disability date of November 3, 2003, through the date of the ALJ's decision. Plaintiff had not engaged in substantial gainful activity on or after November 3,

2003. (A.R. 12). The ALJ found that plaintiff had the following severe impairments: "major depressive disorder, recurrent, with psychotic features in partial remission [,] and an anxiety related disorder, not otherwise specified." (A.R. 13). She did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 13). The ALJ found that plaintiff retained the following residual functional capacity (RFC):

> Upon careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform work at all exertional levels, not requiring an ability to maintain the attention and concentration necessary to perform detailed or complex tasks.

(A.R. 13).

The ALJ found that plaintiff's testimony was not fully credible:

> The claimant testified that she does not speak or write in English. She further testified that she often forgets to take her medication and requires reminders from her live-in niece. She reported that on a typical day, she arises and gets her two children off to school. She indicated that she does not always clean her home or do laundry all of the time. She reported having depression and something to do with schizophrenia [A.R. 331]. She further reported that she doesn't always take her medication as prescribed.
>
> The claimant testified that she sometimes does not feel well when taking medication. She described seeing lights, crying, and forgetting what she is talking about. The claimant reported an inability to go shopping by herself.
>
> The claimant previously informed the Social Security Administration that her activities include cleaning her home, doing laundry, taking her children to school and taking naps during the day (Exhibit 6E)[A.R. 102-09]. She prepares meals on a regular basis[,] three hours per day. She also reported that she shops in stores on a daily basis for up to three hours. She reported shopping at Goodwill [I]ndustries and having dinner with the family on a daily basis (Exhibit 6E). She also reported going out "all the time" and driving her car (Exhibit 6E).
>
> Importantly, at least one treating source reported that she has very good command of the English language (Exhibit 3F)[A.R. 173-74]. Moreover, Dr. Marcano indicated that the claimant's daily activities are not adversely affected by her condition (Exhibit 14F)[A.R. 317]. These statements and her activities are inconsistent with the majority of hearing testimony.

> Upon considering the preceding evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms. However, the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible.

(A.R. 14). The ALJ found that plaintiff was not disabled at Step 4 of the sequential analysis because she was capable of performing her past relevant work as an assembler.[2] (A.R. 16).

Alternatively, the ALJ found that plaintiff was not disabled at Step 5 of the sequential analysis. Plaintiff was 38-years-old as of her alleged onset of disability and 41-years-old as of the date of the ALJ's decision. Thus, at all times relevant to her claims, plaintiff was classified as a younger individual. (A.R. 16). Plaintiff has a 12th-grade, Cuban education. There were conflicting reports regarding her ability to communicate in English. (A.R. 16). The transferability of jobs skills was not material to a disability determination. (A.R. 17). The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age, and with her RFC, education, and work experience, the VE testified that there was a broad range of unskilled jobs in Michigan that the hypothetical person would be capable of performing. (A.R. 351).

---

[2] "Administrative law judges employ a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Social Security Act." *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). Under the sequential analysis, "The claimant must first show that she is not engaged in substantial gainful activity. Next, the claimant must demonstrate that she has a 'severe impairment.' A finding of 'disabled' will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and 'meets or equals a listed impairment.' If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity, must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work." *White v. Commissioner*, 572 F.3d 272, 282 (6th Cir. 2009); *see Lindsley v. Commissioner*, 560 F.3d 601, 602-03 (6th Cir. 2009).

The ALJ found that this constituted a significant number of jobs and held that plaintiff was not disabled. (A.R. 10-18).

**1.**

Plaintiff argues that the ALJ failed to give appropriate weight to the opinions of her treating psychiatrist,[3] Carlos A. Marcano, M.D., and ignored Dr. Marcano's May 10, 2005 "Mental Residual Functional Capacity Questionnaire" (A.R. 219-23) and his October 18, 2006 "Medical Provider's Assessment of Ability to do Mental Work-related Activities" (A.R. 224-28). (Plf. Brief at 9-13). Plaintiff's arguments cannot withstand scrutiny. The ALJ did not ignore these documents. He addressed them at length, and found that they were entitled to little weight because they were inconsistent with the psychiatrist's own treatment notes, other medical evidence, and the plaintiff's daily activity level. The ALJ cited specific evidence supporting his administrative findings that plaintiff had a mild degree of limitation in her daily activities, a moderate degree of limitation in social interaction and ability to maintain concentration, persistence or pace, and one or two episodes of decompensation. (A.R. 14-17). The ALJ gave controlling weight to Dr. Marcano's medical diagnosis (A.R. 13) and the opinions the psychiatrist expressed in his treatment notes regarding plaintiff's functional restrictions:

> As for the opinion evidence, Dr. Marcano's responses [A.R. 219-28] are inconsistent with his narrative office records and other medical evidence of record. In illustration, in a form procured by counsel, he responded that his patient would be absent from work more than four days per month (Exhibit 9F)[A.R. 223]. This is not reflected in his narrative office notes (Exhibits 8F, 14F)[A.R. 209-18, 273-78, 280, 309-17]. Further, it is not reflected by the reports provided by Dr. [Mazhar] Munir[, M.D.], and the specialists at Cornerstone and

---

[3]Dr. Marcano did not describe himself as a treating psychiatrist. His notes describe his role as that of a "consulting psychiatrist." (A.R. 273-78, 280). His other records state that he is a "Child and Adolescent Psychiatrist." (A.R. 309-17).

-6-

> Catholic Social Services Behavioral Health and Counseling Program (Exhibit 13F)[A.R. 156-75, 203-08, 234-71].
>
> In addition, Dr. Marcano described her as alert, oriented, cooperative and pleasant in July 2005 (Exhibit 14F)[A.R. 317]. Her speech was clear, coherent and logical[,] and she was well groomed and kept [good] eye contact. Most importantly, he described her as free of symptoms at this time[,] with no paranoia, depression or anxiety (Exhibit 14F)[A.R. 317]. This was in the context of his reference to her ongoing claim for disability (Exhibit 14F)[A.R. 317]. As Dr. Marcano's narrative office notes are congruent with the majority of medical evidence, they are accorded controlling weight to the exclusion of his responses on the [two] form[s] (Social Security Ruling 96-2p).
>
> The Administrative Law Judge is also cognizant of an opinion provided by a state agency medical consultant at the request of the Social Security Administration (Exhibit 7F)[A.R.203-08]. Based upon the existing evidence of record, it was concluded that the claimant had a mild limitation in daily activities, moderate limitation in social adequacy and in the ability to concentrate, persist at tasks and keep pace[,] and had experienced one to two episodes of decompensation, each of extended duration. The Administrative Law Judge deems this opinion to be of probative value, as it is essentially consistent with the narrative reports provided by treating sources (Social Security Ruling 96-7p).
>
> Treating-source documentation unequivocally establishes the claimant has responded well to medication when compliant (Exhibits 3F, 4F, 5F, 8F, 13F, 14F)[A.R. 157-87, 210-17, 234-317]. This is further illustrated by her varied activities of daily living during the adjudicatory period (Exhibit 6E)[A.R. 102-09].

(A.R. 16).

The issue of whether the claimant is disabled within the meaning of the Social Security Act is reserved to the Commissioner, and even a treating physician's opinion that a patient is disabled is not "giv[en] any special significance." 20 C.F.R. §§ 404.1527(e), 416.927(e); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004); *see also Deaton v. Commissioner*, 315 F. App'x 595, 598 (6th Cir. 2009). Likewise, "no special significance" is attached to treating physician opinions regarding the credibility of the plaintiff's subjective complaints, RFC, or whether the plaintiff's impairments meet or equal the requirements of a listed impairment, because these are also administrative issues reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e); *see*

*Allen v. Commissioner*, 561 F.3d 646, 652 (6th Cir. 2009); *Deaton*, 315 F. App'x at 598; *Warner*, 375 F.3d at 390.

"Generally, the opinions of treating physicians are given substantial, if not controlling, deference." *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). A treating physician's opinion is not entitled to controlling weight where it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see Cox v. Commissioner*, 295 F. App'x 27, 35 (6th Cir. 2008) ("This court generally defers to an ALJ's decision to give more weight to the opinion of one physician than another, where, as here, the ALJ's opinion is supported by evidence that the rejected opinion is inconsistent with the other medical evidence in the record."). The ALJ "is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton*, 246 F.3d at 773; *see Kidd v. Commissioner*, 283 F. App'x 336, 340 (6th Cir. 2008). An opinion that is based on the claimant's reporting of her symptoms is not entitled to controlling weight. *See Young v. Secretary of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990); *see also Mitchell v. Commissioner*, 330 F. App'x 563, 570 (6th Cir. 2009); *Smith v. Commissioner*, 482 F.3d 873, 876-77 (6th Cir. 2007). A treating physician's estimate of how often a patient who is not working would likely be absent from work if she had a job (A.R. 223) is not a medical opinion, and it is not entitled to any particular weight, especially in cases such as this, where the doctor's statement provides no explanation regarding how the conclusion was reached, or any reference to the specific, objective medical evidence supporting it. Dr. Marcano's statements provide no insight whether he incorporated restrictions based on plaintiff's noncompliance with recommended medical treatment.

By contrast, the ALJ noted plaintiff's persistent noncompliance and her secondary gain motive. (A.R. 13-16). The ALJ was not persuaded by the reasons plaintiff gave for not taking her medication. (A.R. 14-16, 327, 332, 335-36, 340-44). Social security regulations make pellucid that a claimant who fails to follow prescribed treatment without good reason will not be found disabled:[4] "If you do not follow the prescribed treatment without good reason, we will not find you disabled." 20 C.F.R. §§ 404.1530(b), 416.930(b).

Even when a treating source's medical opinion is not given controlling weight because it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with other substantial evidence in the record, the opinion should not necessarily be completely rejected; the weight to be given to the opinion is determined by a set of factors, including treatment relationship, supportability, consistency, specialization, and other factors. *See Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions*, SSR 96-2p (reprinted at 1996 WL 374188 (SSA July 2, 1996)); 20 C.F.R. §§ 404.1527(d), 416.927(d); *Martin v. Commissioner*, 170 F. App'x 369, 372 (6th Cir. 2006).

The Sixth Circuit has held that claimants are "entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Commissioner*, 482 F.3d 873, 875-76 (6th Cir. 2007); *see Allen v. Commissioner*, 561 F.3d at 651; *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004). "The procedural requirement exists, in part, for claimants to understand why the administrative bureaucracy deem

---

[4]The Sixth Circuit has recognized that a claimant's failure to follow prescribed treatment is evidence supporting the ALJ's factual finding that the claimant's testimony was not fully credible. *See Sias v. Secretary of Health & Human Servs.*, 861 F.2d 475, 480 (6th Cir. 1988).

them not disabled when physicians are telling them that they are." *Smith*, 482 F.3d at 876; *see Rabbers v. Commissioner*, 582 F.3d 647, 657 (6th Cir. 2009).

I find no violation of the treating physician rule. The ALJ's opinion is supported by more than substantial evidence, and the ALJ complied with the procedural requirement of providing "good reasons" for the weight he gave to Dr. Marcano's opinions.

**2.**

Plaintiff disagrees with the ALJ's credibility determination. (Plf. Brief at 8, 13-14). The court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528; *see McGlothlin v. Commissioner*, 299 F. App'x 516, 523-24 (6th Cir. 2008). The court cannot substitute its own credibility determination for the ALJ's. The court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed . . . ." *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the deferential "substantial evidence" standard. "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints." *Buxton v. Halter*, 246 F.3d at 773; *see Collins v. Commissioner*, No. 08-6473, 2009 WL 4906907, at * 4-6 (6th Cir. Dec.

18, 2009). "Since the ALJ has the opportunity to observe the demeanor of the witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993); *see White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009).

The ALJ found that plaintiff's testimony regarding her functional limitations was not fully credible and he supported this factual finding with specific evidence. (A.R. 14). It was appropriate for the ALJ to take plaintiff's daily activities into account in making his credibility determination. *See Cruse v. Commissioner*, 502 F.3d 532, 542 (6th Cir. 2007); *Blacha v. Secretary of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990); *see also Cox v. Commissioner*, 295 F. App'x 27, 33-34 (6th Cir. 2008). I find that the ALJ's credibility determination is supported by more than substantial evidence.

**3.**

Plaintiff states that she "met her burden of proving that her impairments prevent her from returning to her past relevant work; thus, per 20 CFR § 404.1520, the burden shifts to the Agency to establish at step 5 of the evaluation that Claimant could perform some other work that is reasonably available in the economy." (Plf. Brief at 13). This conclusory statement cannot possibly satisfy plaintiff's burden at Step 4 of the sequential analysis. I find no basis for disturbing the Commissioner's decision finding that plaintiff was not disabled because she was capable of performing her past relevant work as an assembler. (A.R. 16).

The ALJ's alternative holding at Step 5 is supported by substantial evidence. Plaintiff did not suffer from any exertional impairments. She argues that the ALJ improperly "relied on the

Appendix 2 Medical-Vocational Rules to deny benefits to a claimant with solely non-exertional impairments." (Plf. Brief at 13). Although the ALJ mentioned the Medical-Vocational guidelines when he found that plaintiff was not disabled, he did not rely on them and specifically noted their inapplicability because of plaintiff's "additional limitations." (A.R. 17). The ALJ instead relied on the VE's testimony that a hypothetical person of plaintiff's age, and with her education, work experience and RFC would be able to perform "a broad basis" of unskilled work in Michigan's economy. (A.R. 351). Plaintiff provided no contrary evidence. The VE's testimony constitutes substantial evidence supporting the ALJ's finding that plaintiff was not disabled.[5]

Plaintiff's related argument that the ALJ should have relied on the VE's testimony in response to a hypothetical question which assumed that all her subjective complaints were fully credible (Plf. Brief at 14) is meritless. It is well settled that a hypothetical question to a VE need not include unsubstantiated complaints. *See Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993); *see also Anthony v. Astrue*, 266 F. App'x 451, 461 (6th Cir. 2008); *Myatt v. Commissioner*, 251 F. App'x 332, 336 (6th Cir. 2007). The VE does not determine a claimant's medical restrictions or how they impact on the claimant's residual functional capacity -- that is the ALJ's job. *See Webb v. Commissioner*, 368 F.3d 629, 633 (6th Cir. 2004); *Maziarz v. Secretary of Health & Human Servs.*, 837 F.2d 240, 247 (6th Cir. 1987). The ALJ uses vocational expert testimony in the process of determining whether a significant number of jobs exist that a claimant can perform despite her impairments. 837 F.2d at 247. It is common practice for an ALJ to ask the

---

[5]*See Lee v. Sullivan*, 988 F.2d 789, 794 (7th Cir. 1993) (1,400 is a significant number and collecting cases where as few as 174 positions were found to be a significant number); *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988) (1,350 is a significant number); *see also Martin v. Commissioner*, 170 F. App'x 369, 374 (6th Cir. 2006)(870 jobs constituted a significant number of jobs).

VE a hypothetical question incorporating a possible finding of disabling pain and other subjective complaints. *See, e.g.*, *Rabbers v. Commissioner*, 582 F.3d 647, 651 (6th Cir. 2009); *Bingaman v. Commissioner*, 186 F. App'x 642, 646 (6th Cir. 2006). Merely posing the hypothetical question does not compel the ALJ to find that the claimant actually suffered disabling pain or other subjective symptoms. The hypothetical question and response simply create a record from which the ALJ could base a decision finding that a significant number of jobs do or do not exist, in the event that the ALJ concludes that the claimant indeed suffers the degree of limitation she claims. Here, the ALJ found that plaintiff's subjective complaints were not fully credible. The ALJ was not bound in any way by a VE's response to a hypothetical question incorporating a contrary assumption.

**4.**

Plaintiff argues that her evidence of disability is so "overwhelming" that the court should reverse the Commissioner's decision and order an immediate award of benefits. (Plf. Brief at 14) (citing *Faucher v. Secretary of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994)). I find no basis for disturbing the Commissioner's decision, much less granting the extraordinary relief plaintiff requests. *See Faucher*, 17 F.3d at 176; *see also White v. Commissioner*, 312 F. App'x 779, 790 (6th Cir. 2009).

**5.**

Plaintiff's brief concludes with an alternative request for the following relief: "that the prior determination [] be vacated, and the claim remanded for new proceedings before a different ALJ on consideration of the full record, per sentence six of 42 U.S.C. § 405(g)." (Plf. Brief at 15). "A district court's authority to remand a case for further administrative proceedings is found in 42

U.S.C. § 405(g)." *Hollon ex rel. Hollon v. Commissioner*, 447 F.3d 477, 482-83 (6th Cir. 2006). The statute permits only two types of remand: a sentence four (post-judgment) remand made in connection with a judgment affirming, modifying, or reversing the Commissioner's decision;[6] and a sentence six (pre-judgment) remand where the court makes no substantive ruling as to the correctness of the Commissioner's decision. *Hollon*, 447 F.3d at 486 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991)); *see Allen v. Commissioner*, 561 F.3d 646, 653-54 (6th Cir. 2009). Plaintiff asks for a sentence six remand, but she has not presented any new medical evidence. She has the burden under sentence six of 42 U.S.C. § 405(g) of presenting "new" evidence that is "material," and showing that there is "good cause" for her failure to present this evidence in the prior proceeding. *See Allen*, 561 F.3d at 653; *Hollon*, 447 F.3d at 483. Courts "are not free to dispense with these statutory requirements." *Hollon*, 447 F.3d at 486. Plaintiff has not addressed, much less carried her statutory burden. Accordingly, I recommend that plaintiff's request for a sentence six remand be denied.

**Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed. I further recommend that plaintiff's alternative request for remand of this matter to the

---

[6]The Sixth Circuit has repeatedly held that where, as here, the Appeals Council denies review and the ALJ's decision becomes the Commissioner's decision, the court's review is limited to the evidence presented to the ALJ. *See Jones v. Commissioner*, 336 F.3d at 478; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). The court is not authorized to consider additions to the record in determining whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner correctly applied the law. *See Cline v. Commissioner*, 96 F.3d 146, 148 (6th Cir. 1996). The court cannot consider evidence that was not submitted to the ALJ in the sentence four context.

Commissioner under sentence six of 42 U.S.C. § 405(g) be denied because she has not carried her statutory burden.

Dated:   February 18, 2010        /s/  Joseph G. Scoville
                                  United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  General objections do not suffice.  *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).