UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MARITZA VALDES, | Case No. 1:08-cv-872

    Plaintiff, | HONORABLE PAUL L. MALONEY

        v. | Magistrate Judge Joseph G. Scoville

COMMISSIONER OF SOCIAL SECURITY, |

    Defendant, |

_____

## ORDER

**Adopting the R&R without Objection;**
**Affirming the Commissioner's Denial of Social Security Disability Benefits;**
**Denying the Plaintiff's Alternative Request for a Sentence-Six Remand;**
**Terminating and Closing the Case**

Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this matter was automatically referred to United States Magistrate Judge Joseph G. Scoville, who issued a Report and Recommendation ("R&R") on Thursday, February 18, 2010. Because plaintiff's counsel registered to participate in the court's Electronic Filing System ("ECF"), she was deemed served with the R&R that same day, upon receipt of the Notice of Electronic Filing ("NEF") advising that the R&R had been filed and was available to view, print and/or download. *See Reed v. Deutsche Bank Nat'l Trust Co.*, 2009 WL 3270481, *1 n.1 (W.D. Mich. Oct. 5, 2009) (Maloney, C.J.) (citing *Love v. SSA*, 605 F. Supp.2d 893, 895 (W.D. Mich. 2009) (citing W.D. MICH. LCIVR 5.7(d)(i)(II)).

"Both the Federal Rules of Civil Procedure and the Federal Magistrates Act were amended

effective December 1, 2009 to simplify the calculation of time periods." *Esch v. SSA*, 2010 WL432265, *1 n.1 (W.D. Mich. Jan. 25, 2010) (citing Pub. L. No. 111-16 § 6(1), 123 Stat. 1608). After being served with the R&R, the plaintiff had fourteen days to object, *see Holwerda v. Warner Law Firm*, 2010 WL 707361, *1 (W.D. Mich. Feb. 22, 2010) (Maloney, C.J.) (citing 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(a), W.D. MICH. LCIVR 72.3(b)), including weekends and federal holidays, FED. R. CIV. P. 6(a)(1)(B). In computing any period of time specified by the Federal Rules of Civil Procedure, a statute, a court order, or our local rules, the court excludes the day of the act or event from which any time period begins to run, *see* FED. R. CIV. P. 6(a)(1)(A) and *Southall v. City of Grand Rapids*, 2008 WL 4739163, *1 (W.D. Mich. Oct. 29, 2008) (citing FED. R. CIV. P. 6(a)). Accordingly, the objection period began on Friday, February 19, 2010 and ended at midnight on Thursday, March 4, 2010, *see* FED. R. CIV. P. 6(a)(4)(A).

> As the United States Supreme Court held in *Peretz v. US*, 501 U.S. 923 (1991),
>
> The statutory provision we upheld in *Raddatz* [447 U.S. 667 (1980)] provided for *de novo* review only when a party objected to the magistrate's findings or recommendations. *See* 28 U.S.C. § 636(b)(1). To the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties.

*Id.* at 939 (citation and internal quotation marks omitted). *See, e.g., Johnson v. SSA*, 2007 WL 2292440, *1 (N.D. Ohio 2007) ("The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report to which an objection has been made.").

Furthermore, the failure to file timely *specific* objections obviates not only *de novo* district-judge review of the R&R, but *all* district-judge review. *Nottingham v. SSA*, 2009 WL 230131, *2 (W.D. Mich. Jan. 29, 2009) (Maloney, C.J.). Again in the words of the Supreme Court,

> In 1976, Congress amended § 101 of the Federal Magistrates Act, 28 U.S.C. § 636, to provide that a United States district judge may refer dispositive pretrial motions,

2

and petitions for writs of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions. The amendments also provide that any party that disagrees with the magistrate's recommendations "may serve and file written objections" to the magistrate's report, and thus obtain *de novo* review by the district judge.

* * *

Petitioner first argues that a failure to object waives only *de novo* review, and that the district judge must still review the magistrate's report [regarding the case-dispositive matters listed in § 636(b)(1)(A)] under some lesser standard. However, § 636(b)(1)(C) simply does not provide for such review. This omission does not seem to be inadvertent, because Congress provided for a "clearly erroneous or contrary to law" standard of review of a magistrate's disposition of certain pretrial matters in § 636(b)(1)(A) [essentially, non-dispositive motions]. Nor does petitioner point to anything in the legislative history of the 1976 amendments mandating review under some lesser standard. *We are therefore not persuaded that the statute requires some lesser review by the district court when no objections are filed.*

*Thomas v. Arn*, 470 U.S. 140, 141-42, 149-50 (1985) (emphasis added, legislation citation omitted).

**In any event, the court finds the R&R's outcome and rationale to be sound.**[1] For the reasons stated by the Magistrate Judge, substantial evidence supported the ALJ's determination that Valdes's impairments – recurrent major depressive disorder with psychotic features but in partial remission, and anxiety-related disorder not-otherwise-specified ("NOS") – did not render her

---

[1]

As the Supreme Court has said,

"It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo *or any other standard*, when neither party objects to those findings."  * * *  Because neither party filed timely objections to [the R&R] . . . this Court need not conduct a review.

*Russell v. Caruso*, 2007 WL 3232126, *2 n.3 (W.D. Mich. 2007) (Maloney, J.) (quoting *Thomas*, 474 U.S. at 150). *Accord Tangwall v. Robb*, 2003 WL 23142190, *1 (E.D. Mich. 2003) (David Lawson, J.) (after untimely objections, court stated, "the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion."); *Coots v. Astrue*, 2009 WL 1326260 (E.D. Ky. May 12, 2009) (Gregory Van Tatenhove, J.) ("When no objections are made, this court is not required to review a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard . . . .") (citation & quote marks omitted).

disabled between her alleged disability onset date (November 12,2003) and the date of the ALJ's decision (June 18, 2007).

**First, the Magistrate correctly concluded that the ALJ did not err in declining to accord controlling weight to the opinion of her treating psychiatrist, Dr. Carlos A. Marcano, M.D.**

Preliminarily, the court notes that "the issue of whether a claimant is disabled within the meaning of the Social Security Act is reserved to the Commissioner and a treating physician's opinion that a patient is disabled is not 'giv[en] any special significance.'" *Poirier v. SSA*, 2009 WL 3233829, *4 (W.D. Mich. Sept. 30, 2009) (Maloney, C.J.) (quoting 20 C.F.R. § 404.1527(e) and § 416.1927(e), and citing, *inter alia*, *Warner v. SSA*, 375 F.3d 387, 390 (6th Cir. 2004)). Likewise, "no special significance" is accorded to a treating physician's opinion regarding the credibility of a patient's subjective complaints, RFC, or whether the patient's impairments meet or equal a listed impairment because those are administrative issues reserved to the Commissioner. *See Allen v. SSA*, 561 F.3d 646, 652 (6th Cir. 2009).

"The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence." *Edwards v. SSA*, 654 F. Supp.2d 692, 702 (W.D. Mich. 2009) (citing, *inter alia*, *Cutlip v. HHS*, 25 F.3d 284, 286-87 (6th Cir 1994)). *See, e..g, Love v. SSA*, 685 F. Supp.2d 893, 906 (W.D. Mich. 2009) (substantial evidence supported ALJ's decision to accord less than controlling weight to treating physician's opinion, because she assigned postural limitations in areas where there was no evidence that she had tested his abilities, and her opinion that he suffered severe limitations was contradicted by results of numerous physical exams and plaintiff's own report that medication was

sufficiently managing his pain).[2]

Here, treating psychiatrist Marcano's May 2005 Mental RFC Questionnaire and October 2006 Assessment of Ability to do Mental Work-Related Activities were entitled to little weight because they contradicted Marcano's own treatment notes, plaintiff's reports indicating only a mild limitation of daily activities, and other medical evidence, R&R at 6-7. *See Anderson v. SSA*, 195 F. App'x 366, 370 (6th Cir. 2006) (approving ALJ's decision, which credited consulting sources' opinions in concluding that claimant retained RFC for "full range of medium level work" instead of treating physician's opinion, because "the doctor's overall treatment notes did not support and were not consistent with his conclusory assertion that [the claimant] was disabled."); *Essary v. SSA*, 114 F. App'x 666-67 (6th Cir. 2004) (ALJ was not obligated to give weight to treating physician's opinion that claimant with degenerative disc disease of the lumbar spine, obesity, hypertension, and major depressive disorder could still occasionally lift ten pounds, frequently lift five pounds, stand for less than an hour per day, and sit or stand up to fifteen minutes at a time; his treatment records did not support such severe limitations, and his treatment notes did not contain those restrictions);

---

[2]However, as our Circuit has cautioned, relying on an SSA policy statement,

> Even when a treating source's medical opinion is not given controlling weight because it is not well-supported by medically acceptable clinically and laboratory diagnostic techniques or is inconsistent with other substantial evidence in the record, the opinion should not necessarily be completely rejected ; [rather], the weight to be given to the opinion is determined by a set of factors, including treatment relationship, supportability, consistency, specialization, and other factors.

*O'Neal v. SSA*, 2009 WL 3153020, *4 (W.D. Mich. Sept. 29, 2009) (citing, *inter alia*, SSR 96-2p, "Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions", 1996 WL 374188 (SSA July 2, 1996), and 20 C.F.R. §§ 404.1527(d) and 416.927(d), and *Anthony v. Astrue*, 266 F. App'x 451, 458-59 (6th Cir. 2008)).

*Perkins v. Apfel*, 14 F. App'x 593, 599 (6th Cir. 2001) (ALJ properly rejected treating physician's opinion that claimant was disabled because it was "not supported by Dr. Perkinson's own treatment notes and inconsistent with the other medical evidence showing that Perkins had recovered substantially from his neck and right knee surgeries"); *Thompson v. Astrue*, 2008 WL 89954, *3 (E.D. Ky. Jan. 8, 2008) (Henry Wilhoit, J.) (affirming ALJ's denial of disability benefits and upholding ALJ's decision not to re-contact treating physician where the latter's "assessment of extreme functional impairment is not supported by his own objective findings *as reflected in his treatment notes*") (emphasis added).[3]

Nor does the court find any error in the Magistrate's conclusion that the ALJ properly treated Valdes's prolonged failure or refusal to follow her treating physician's prescribed course of healthy conduct as undermining her claim of total inability to perform gainful work, R&R at 8-10, and did not err in finding that her subjective complaints were not fully credible, leading ultimately to his conclusion that she was not disabled at step four of the five-step sequential analysis, *see id.* at 10-11.

Penultimately, the court finds no error in the Magistrate's conclusion that substantial evidence supported the ALJ's alternative determination that Valdes was not disabled at step five of the analysis because she was capable of performing her past relevant work as an assembler, R&R

---

[3]

*See also Land v. SSA*, 2010 WL 670594, *6 (W.D. Mich. Feb. 18, 2010) (Maloney, C.J.) (ALJ properly discounted treating physician's May 2006 statement that plaintiff could not work, because inconsistent with his office notes recording that he told plaintiff in May 2005 that he was not likely to qualify for disability based on hypertension and asthma, and in June 2005 that his BP was only slightly elevated and he was not likely to qualify based on asthma and cephalgia, and with plaintiff's October 2006 statement that he had no problems other than lower-back pain);

*Stephens v. Astrue*, 2008 WL 80210, *3 (E.D. Ky. Jan. 4, 2008) (Wilhoit, J.) (treating physician "Dr. Majumdar suggested extreme physical limitations which would essentially preclude any type of gainful employment. Moreover, Dr. Majumdar's opinion . . . is inconsistent with the findings of three consultative examiners . . . .");

at 11-12. Because the ALJ's adverse credibility determination was supported by substantial evidence, he was not required to pose hypothetical questions to the vocational expert which incorporated the degree of limitation claimed by Valdes and/or her treating physician. Merely because the ALJ chose to pose such a hypothetical question *arguendo* to the VE, that did not mean he was obligated to rule based on the VE's answer to it, rather than the VE's answer to a hypothetical question based on the lesser degree of limitation the ALJ found she actually had, R&R at 13. "It is well established that the hypothetical questions need only incorporate . . . those limitations which the ALJ has accepted as credible." *Infantado v. Astrue*, 263 F. App'x 469, 476-77 (6th Cir. 2009) (Daughtrey, McKeague, N.D. Ohio D.J. Gwin) (citing *Casey*, 987 F.2d at 1235, and *Griffeth v. SSA*, 217 F. App'x 425, 429 (6th Cir. 2007) (W.D. Mich. D.J. Bell) ("An ALJ is not required to accept a claimant's subjective complaints, and 'can present a hypothetical to the VE on the basis of his own assessment if he reasonably deems the claimant's testimony to be inaccurate.'") (quoting *Jones v. SSA*, 336 F.3d 469, 476 (6th Cir. 2003))). *See also Lusk v. SSA*, 106 F. App'x 405, 409 (6th Cir. 2004) (Gibbons, cook, D.J. Oliver) (agreeing with district court that "an ALJ need not consider a VE's answer to a hypothetical that he later determines is not supported by the evidence", in that case his ultimate determination that claimant's coronary problems did not meet or equal any of the impairments listed in Part 404); *Bieschke v. SSA*, 2009 WL 735077, *5 (W.D. Mich. Mar. 12, 2009) (Maloney, C.J.) ("[T]here was substantial evidence to support the ALJ' rejection of Bieschke's claim about the extent and effect of her medications' drowsiness side effect. Consequently, the ALJ is not obligated to incorporate Bieschke's degree of claimed drowsiness into the hypothetical questions that he later posed to the vocational expert.") (citing *Hall-Thulin v. SSA*, No. 96-1940, 110 F.3d 64, 1997 WL 144237, *2 (6th Cir. Mar. 27, 1997) ("The ALJ did not have to

accept Hall-Thulin's assertion that her medication makes her so drowsy that it creates an additional restriction on her ability to perform sedentary work. There was no requirement that the ALJ's hypothetical question to the VE reflect this unsubstantiated complaint.")).

Finally, the Magistrate rightly rejects Valdes's conclusory assertion that she is entitled to a remand under "sentence six" of 42 U.S.C. § 405(g), *see* R&R at 13-14, as she did not attempt to satisfy the statutory criteria for such a remand based on new material evidence.

**ORDER**

Accordingly, having reviewed the complaint, the parties' briefs, the R&R, and the applicable statutory, regulatory and case law, and having received no objections:

The R&R [document #15] is **ADOPTED**.

The Commissioner's denial of disability benefits is **AFFIRMED**.

The plaintiff's alternative request for a remand under 42 U.S.C. § 405(g) is **DENIED**.

The complaint is **DISMISSED.**

This case is **TERMINATED** and **CLOSED**.

The separate judgment required by FED. R. CIV. P. 58 shall issue contemporaneously.

**This order is final, but it is not appealable.** *See Southall v. City of Grand Rapids*, 2008 WL 3739163, *3 (W.D. Mich. Oct. 29, 2008) (Maloney, C.J.) (citing *Harris v. Detroit Pub. Schs.*, 245 F. App'x 437, 442 n.6 (6th Cir. 2007) ("[A] party's failure to object to the recommendations of a magistrate judge constitutes a waiver of the right to appeal.") (citing *US v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981))); *see also Sarampote v. White*, 2009 WL 125036, *8 (W.D. Mich. Jan. 16, 2009) (Quist, J.) and *Robinson v. Bergh*, 2009 WL 33479, *4 (W.D. Mich. Jan. 5, 2009) (Edgar, J.)

(all citing *Thomas* and *Walters*).[4]

**IT IS SO ORDERED this 8th day of March 2010**.

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge

---

[4]

*See Schrader v. SSA*, 2008 WL 360649, *3 & n.5 (W.D. Mich. Feb. 7, 2008) (Maloney, J.) (citing, *inter alia*, *Ramjit v. Moore*, 243 F. App'x 103, 104 (6th Cir. 2007) (p.c.) (Gilman, Gibbons, Griffin) ("respondent waived this issue due to his failure to object on this ground to the [R&R]") (citing *Thomas*, 474 U.S. at 155)); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006) ("Frontier did not file an objection to the default entry within ten days of the . . . [R&R].  * * *  Frontier's silence constitutes a waiver of the right to appeal . . . ."); *US v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) ("Sullivan failed to file objections to the magistrate judge's findings . . . and, as a result, has waived any challenge to the district court's denial of his motion to suppress . . . .").